# jackson | lewis

Attorneys at Law

**RECEIVED**
JUL 26 2007
CHAMBERS OF
RICHARD M. BERMAN
U.S.D.J.

Representing Management Exclusively in Workplace Law and Related Litigation

| Jackson Lewis LLP | ATLANTA, GA | LOS ANGELES, CA | PROVIDENCE, RI |
|---|---|---|---|
| 59 Maiden Lane | BOSTON, MA | MIAMI, FL | RALEIGH-DURHAM, NC |
| | CHICAGO, IL | MINNEAPOLIS, MN | RICHMOND, VA |
| New York, New York 10038 | CLEVELAND, OH | MORRISTOWN, NJ | SACRAMENTO, CA |
| | DALLAS, TX | NEW YORK, NY | SAN FRANCISCO, CA |
| Tel 212 545-4000 | DENVER, CO | ORANGE COUNTY, CA | SEATTLE, WA |
| | GREENVILLE, SC | ORLANDO, FL | STAMFORD, CT |
| Fax 212 972-3213 | HARTFORD, CT | PITTSBURGH, PA | WASHINGTON, DC REGION |
| | HOUSTON, TX | PORTLAND, OR | WHITE PLAINS, NY |
| www.jacksonlewis.com | LONG ISLAND, NY | | |

MY DIRECT DIAL IS: (212) 545-____

**MEMO ENDORSED**

July 26, 2007

Pl to respond by 5:00 P.M. today with brief letter, including case + rule authorities.

SO ORDERED:
Date: 7/26/07  Richard M. Berman
Richard M. Berman, U.S.D.J.

**VIA HAND DELIVERY**

Hon. Richard M. Berman
United States District Judge
United States District Court
Southern District of New York
500 Pearl St., Room 650
New York, NY 10007

Re:  Korry v. Instant Products International, Inc., et al.
     Docket No. 07 Civ. 5985

Dear Judge Berman:

  We are the attorneys for Defendants Rothfos Corporation and Klaas van der Kaaij in the above-referenced matter. Pursuant to Rule 21 for the Division of Business Among District Judges, this case should have been designated for assignment to White Plains, and we hereby request that this case be reassigned to White Plains.

  In particular, Rule 21 for the Division of Business Among District Judges provides, in pertinent part:

> A civil case <u>shall</u> be designated for assignment to White Plains if:
> (i) The claim arose in whole or in major part in the Counties of Dutchess, Orange, Putnam, Rockland, Sullivan and Westchester (the "Northern Counties") and at least one of the parties resides in the Northern Counties; . . .

<u>See</u> Div. of Bus. Among Dis. Judges, S.D.N.Y., R. 21(a)(i) and (ii) (emphasis added).

  The Complaint makes clear that Ms. Korry's claimed workplace sexual harassment and gender discrimination allegedly arose during the course of her employment in White Plains, where the Company's office is located. (<u>See</u> Complaint ¶¶ 1-32.)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/26/07



Furthermore, Ms. Korry resides in Ontario, Canada. (See Complaint at ¶ 10.) Accordingly, because Ms. Korry's claims arose in Westchester County, during her employment in Westchester County, and because Ms. Korry herself does not reside in New York County, this case should initially have been assigned – and now should be reassigned – to White Plains.

Requests for transfers to White Plains from Foley Square are governed by Rule 22 for the Division of Business Among District Judges after a case has been filed. Nixon v. Correction Officer Lance Diehm, 99 civ. 9843 (KMW) (TGK), 2000 U.S. Dist. LEXIS 2834 (S.D.N.Y. March 14, 2000). Reassignment is proper where, as here, the Court has neither held any proceedings nor had any other "substantive involvement" in the action. Nixon, 2000 U.S. Dist. LEXIS at *8; Glendora v. Magness, 96 Civ. 7518 (BSJ), 1996 U.S. Dist. LEXIS 16121 (S.D.N.Y. Oct. 30, 1996). Rule 22 permits reassignment by the Court *sua sponte* (see Div. of Bus. Among Dis. Judges, S.D.N.Y., R. 22).

Notwithstanding the foregoing, unless the Court directs otherwise, we plan to appear at the initial pre-trial conference on Friday. Thank you for your courtesy and attention to this matter.

Very truly yours,

JACKSON LEWIS LLP

*Clifford R. Atlas* (CA)

Clifford R. Atlas

CA/dt

cc: Laurie Berke-Weiss, Esq. (via facsimile and first class mail)
Samantha Abeysekera, Esq.