JACKSON LEWIS LLP
59 Maiden Lane
New York, New York 10038
(212) 545-4000
Attorneys of Record:
      Clifford R. Atlas (CA 9512)
      Samantha Abeysekera (SA 8198)
ATTORNEYS FOR DEFENDANT ROTHFOS
CORPORATION

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

SUSAN KORRY

          Plaintiff,

-against-

INSTANT PRODUCTS INTERNATIONAL
INC., ROTHFOS CORPORATION,
RoCORP TRADING AG, NEUMANN
GRUPPE GmbH, NEUMANN KAFFEE
GRUPPE GmbH, IPI INSTANT
PRODUCTS INTERNATIONAL GmbH,
and KLAAS VAN DER KAAIJ,

          Defendants.

------------------------------------------------------------X

Civil Action No.:07 civ. 5985

**ANSWER ON BEHALF OF**
**DEFENDANT ROTHFOS**
**CORPORATION**

      Defendant Rothfos Corporation ("Rothfos," "the Company," or "Defendant"), by

and through its undersigned attorneys, respectfully submits the following Answer to Plaintiff

Susan Korry's Complaint in the above-captioned case.

### AS TO "NATURE OF THE ACTION"

      1.      Defendant denies each and every allegation contained in Paragraph "1" of

the Complaint, except admits that Plaintiff purports to bring this action pursuant to Title VII of

the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000 et seq., the New York State Human

Rights Law, and the New York Executive Law, as amended, § 290 et seq. and makes claims for breach of contract, unjust enrichment, promissory estoppel, and quantum meruit, which claims Defendant denies, as set forth herein.

2.     Defendant denies each and every allegation contained in Paragraph "2" of the Complaint, except admits that Plaintiff purports to seek injunctive and declaratory relief, compensatory damages, and attorneys' fees, which claims Defendant denies, as set forth herein.

## AS TO "JURISDICTION"

3.     Defendant denies each and every allegation contained in Paragraph "3" of the Complaint, except admits that Plaintiff purports to bring this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000 et seq., the New York State Human Rights Law, and the New York Executive Law, as amended, § 290 et seq. and New York common law, which claims Defendant denies, as set forth herein.

## AS TO "JURISDICTIONAL PREREQUISITES"

4.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "4" of the Complaint.

5.     Defendant denies each and every allegation contained in Paragraph "5" of the Complaint, except admits that Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC").

6.     Defendant admits the allegations contained in Paragraph "6" of the Complaint.

7.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "7" of the Complaint.

8.     Defendant denies knowledge or information sufficient to form a belief as

to the truth or falsity of the allegations contained in Paragraph "8" of the Complaint.

## AS TO "VENUE"

9.     Defendant denies each and every allegation contained in Paragraph "9" of the Complaint, except avers that Defendant's offices are located in the Southern District of New York.

## AS TO "PARTIES"

10.     Defendant denies each and every allegation contained in Paragraph "10" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation regarding Plaintiff's place of residence.

11.     Defendant denies each and every allegation contained in Paragraph "11" of the Complaint.

12.     Defendant admits the allegations contained in Paragraph "12" of the Complaint.

13.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "13" of the Complaint.

14.     Defendant admits the allegations contained in Paragraph "14" of the Complaint.

15.     Defendant denies each and every allegation contained in Paragraph "15" of the Complaint.

16.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "16" of the Complaint.

17.     Defendant admits the allegations contained in Paragraph "17" of the Complaint.

## AS TO "FACTS"

18.    Defendant denies each and every allegation contained in Paragraph "18" of the Complaint, and avers that "Neumann Kaffee Gruppe GmbH" is not a legal entity.

19.    Defendant denies each and every allegation contained in Paragraph "19" of the Complaint, except admits that Neumann Gruppe GmbH is the ultimate parent of Defendant.

20.    Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "20" of the Complaint.

21.    Defendant denies each and every allegation contained in Paragraph "21" of the Complaint, except admits that Defendant van der Kaaij was named as a member of the IPI Worldwide Advisory Board, and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding NKG's business plan.

22.    Defendant denies each and every allegation contained in Paragraph "22" of the Complaint.

23.    Defendant denies each and every allegation contained in Paragraph "23" of the Complaint.

24.    Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in Paragraph "24" of the Complaint.

25.    Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "25" of the Complaint, except admits that Igor Krol, Esq. is an outside attorney for Defendant.

26.    Defendant denies each and every allegation contained in Paragraph "26" of the Complaint, except avers that Plaintiff's paychecks, medical benefits, and 401(k) plan were

administered by "Rothfos Corporation."

27.    Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "27" of the Complaint.

28.    Defendant denies each and every allegation contained in Paragraph "28" of the Complaint.

29.    Defendant denies each and every allegation contained in Paragraph "29" of the Complaint, except admits that Plaintiff was hired in or about June 1998, and she initially reported to Klaas van der Kaaij.

30.    Defendant denies each and every allegation contained in Paragraph "30" of the Complaint.

31.    Defendant denies each and every allegation contained in Paragraph "31" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Plaintiff's employment with IPI, and avers that in or about July 2002 Plaintiff no longer worked for Defendant but continued to work from the White Plains, New York location.

32.    Defendant denies each and every allegation contained in Paragraph "32" of the Complaint, except admits that Defendant and IPI operated out of the same White Plains, New York location, and avers that instead of establishing her own office, Plaintiff chose to work in the trading room with several employees of Defendant Rothfos, including but not limited to Defendant, Jeff Mass, Dan Dwyer, and Ed Wakeham.

33.    Defendant denies each and every allegation contained in Paragraph "33" of the Complaint and respectfully refers the Court to said document for the full contents thereof.

34.    Defendant denies knowledge or information sufficient to form a belief as

to the truth or falsity of each and every allegation contained in Paragraph "34" of the Complaint.

35.    Defendant denies each and every allegation contained in Paragraph "35" of the Complaint and respectfully refers the Court to the said document for the full contents thereof.

36.    Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "36" of the Complaint, except denies that Plaintiff had frequent and consistent contact with Mr. Sorgenfrei throughout her tenure at Rothfos.

37.    Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "37" of the Complaint, except denies that Mr. Sorgenfrei visited the White Plains office on a quarterly basis.

38.    Defendant denies each and every allegation contained in Paragraph "38" of the Complaint, except admits that while she was employed by Defendant Rothfos, Plaintiff reported to Defendant van der Kaaij.

39.    Defendant denies each and every allegation contained in Paragraph "39" of the Complaint.

40.    Defendant denies each and every allegation contained in Paragraph "40" of the Complaint.

41.    Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "41" of the Complaint.

42.    Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "42" of the Complaint.

43.    Defendant denies each and every allegation contained in Paragraph "43"

of the Complaint.

44.    Defendant denies each and every allegation contained in Paragraph "44" of the Complaint, except admits that Rothfos maintained a "Policy on Prevention of Sexual Harassment at the Workplace."

45.    Defendant denies each and every allegation contained in Paragraph "45" of the Complaint and each and every subparagraph thereof, except admits that Plaintiff and several other employees were playfully pushed into the pool during a Company party at Defendant van der Kaaij's home.

46.    Defendant denies each and every allegation contained in Paragraph "46" of the Complaint.

47.    Defendant denies each and every allegation contained in Paragraph "47" of the Complaint and each and every subparagraph thereof, except admits that occasional jokes were made about an individual named Michael Hoch, and that certain emails were sent from Jeff Mass to Plaintiff and Defendant respectfully refers the Court to the said emails for the full contents thereof.

48.    Defendant denies each and every allegation contained in Paragraph "48" of the Complaint.

49.    Defendant denies each and every allegation contained in Paragraph "49" of the Complaint.

50.    Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "50" of the Complaint.

51.    Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "51" of the Complaint.

52.     Defendant denies each and every allegation contained in Paragraph "52" of the Complaint.

53.     Defendant denies each and every allegation contained in Paragraph "53" of the Complaint, except admits that on June 28, 2004 Plaintiff emailed Mr. Sorgenfrei informing him of her decision to voluntarily resign and attaching a letter of resignation dated June 27, 2004.

54.     Defendant denies each and every allegation contained in Paragraph "54" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Plaintiff's conversations with Mr. Sorgenfrei, Guenter Brockhaus, and David Neumann.

55.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "55" of the Complaint.

56.     Defendant denies each and every allegation contained in Paragraph "56" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that she flew to Hamburg on July 4, 2004 and the allegations regarding her conversations with Mr. Sorgenfrei and Mr. Brockhaus.

57.     Defendant denies each and every allegation contained in Paragraph "57" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Plaintiff's conversation with Mr. Neumann.

58.     Defendant denies each and every allegation contained in Paragraph "58" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that Plaintiff continued to work as co-CEO of IPI and the allegation that she continued to negotiate for an offer.

59.    Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "59" of the Complaint.

60.    Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "60" of the Complaint.

61.    Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "61" of the Complaint.

62.    Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "62" of the Complaint.

63.    Defendant denies each and every allegation contained in Paragraph "63" of the Complaint, except avers that Igor Krol met with Plaintiff in White Plains to discuss her prior resignation.

64.    Defendant denies each and every allegation contained in Paragraph "64" of the Complaint, except avers that Plaintiff and Mr. Krol agreed to meet at Orsay Restaurant.

65.    Defendant denies each and every allegation contained in Paragraph "65" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that Plaintiff arrived at 8 p.m., and admits that Mr. van der Kaaij was present at dinner with Plaintiff and Mr. Krol.

66.    Defendant denies each and every allegation contained in Paragraph "66" of the Complaint, except avers that Plaintiff, Mr. van der Kaaij, and Mr. Krol discussed the possibility of Plaintiff being hired for a new position.

67.    Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "67" of the Complaint.

68.    Defendant denies each and every allegation contained in Paragraph "68"

of the Complaint.

## AS TO "FIRST CLAIM AGAINST ROTHFOS DEFENDANTS"
### (Sex Discrimination under Title VII)

69.     Defendant repeats and incorporates by reference all denials and other responses to the allegations contained in Paragraphs "1" through "68" of the Complaint as if fully set forth at length herein.

70.     The allegations contained in Paragraph "70" of the Complaint represent legal conclusions and not assertions of fact and thus require no response.

71.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "71" of the Complaint.

72.     Defendant denies each and every allegation contained in Paragraph "72" of the Complaint.

73.     Defendant denies each and every allegation contained in Paragraph "73" of the Complaint.

74.     Defendant denies each and every allegation contained in Paragraph "74" of the Complaint.

75.     Defendant denies each and every allegation contained in Paragraph "75" of the Complaint.

## AS TO "SECOND CLAIM AGAINST ROTHFOS DEFENDANTS"
### (Sex Discrimination under New York Executive Law § 296)

76.     Defendant repeats and incorporates by reference all denials and other responses to the allegations contained in Paragraphs "1" through "75" of the Complaint as if fully set forth at length herein.

77.     The allegations contained in Paragraph "77" of the Complaint represent

legal conclusions and not assertions of fact and thus require no response.

78.    Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "78" of the Complaint.

79.    Defendant denies each and every allegation contained in Paragraph "79" of the Complaint.

80.    Defendant denies each and every allegation contained in Paragraph "80" of the Complaint.

81.    Defendant denies each and every allegation contained in Paragraph "81" of the Complaint.

82.    Defendant denies each and every allegation contained in Paragraph "82" of the Complaint.

## AS TO "THIRD CLAIM AGAINST ROTHFOS DEFENDANTS"
### (Hostile Work Environment under Title VII)

83.    Defendant repeats and incorporates by reference all denials and other responses to the allegations contained in Paragraphs "1" through "82" of the Complaint as if fully set forth at length herein.

84.    The allegations contained in Paragraph "84" of the Complaint represent legal conclusions and not assertions of fact and thus require no response.

85.    Defendant denies each and every allegation contained in Paragraph "85" of the Complaint, and avers that the allegations contained in Paragraph "85" of the Complaint represent legal conclusions and not assertions of fact and thus require no response.

86.    The allegations contained in Paragraph "86" of the Complaint represent legal conclusions and not assertions of fact and thus require no response.

87.    Defendant denies each and every allegation contained in Paragraph "87"

of the Complaint.

88.    Defendant denies each and every allegation contained in Paragraph "88" of the Complaint.

## AS TO "FOURTH CLAIM AGAINST ROTHFOS DEFENDANTS"
### (Hostile Work Environment under New York Executive Law § 296)

89.    Defendant repeats and incorporates by reference all denials and other responses to the allegations contained in Paragraphs "1" through "88" of the Complaint as if fully set forth at length herein.

90.    The allegations contained in Paragraph "90" of the Complaint represent legal conclusions and not assertions of fact and thus require no response.

91.    Defendant denies each and every allegation contained in Paragraph "91" of the Complaint, and avers that the allegations contained in Paragraph "91" of the Complaint represent legal conclusions and not assertions of fact and thus require no response.

92.    The allegations contained in Paragraph "92" of the Complaint represent legal conclusions and not assertions of fact and thus require no response.

93.    Defendant denies each and every allegation contained in Paragraph "93" of the Complaint.

94.    Defendant denies each and every allegation contained in Paragraph "94" of the Complaint.

## AS TO "FIFTH CLAIM AGAINST ROTHFOS DEFENDANTS"
### (Retaliation under Title VII)

95.    Defendant repeats and incorporates by reference all denials and other responses to the allegations contained in Paragraphs "1" through "94" of the Complaint as if fully set forth at length herein.

96.     The allegations contained in Paragraph "96" of the Complaint represent legal conclusions and not assertions of fact and thus require no response.

97.     Defendant denies each and every allegation contained in Paragraph "97" of the Complaint.

98.     Defendant denies each and every allegation contained in Paragraph "98" of the Complaint.

99.     Defendant denies each and every allegation contained in Paragraph "99" of the Complaint.

100.    Defendant denies each and every allegation contained in Paragraph "100" of the Complaint.

## AS TO "SIXTH CLAIM AGAINST ROTHFOS DEFENDANTS"
### (Retaliation under New York Executive Law § 296)

101.    Defendant repeats and incorporates by reference all denials and other responses to the allegations contained in Paragraphs "1" through "100" of the Complaint as if fully set forth at length herein.

102.    The allegations contained in Paragraph "102" of the Complaint represent legal conclusions and not assertions of fact and thus require no response.

103.    Defendant denies each and every allegation contained in Paragraph "103" of the Complaint.

104.    Defendant denies each and every allegation contained in Paragraph "104" of the Complaint.

105.    Defendant denies each and every allegation contained in Paragraph "105" of the Complaint.

106.    Defendant denies each and every allegation contained in Paragraph "106"

of the Complaint.

## AS TO "SEVENTH CLAIM AGAINST DEFENDANT VAN DER KAAIJ"
### (Sex Discrimination Under New York Executive Law § 296)

107.    Defendant repeats and incorporates by reference all denials and other responses to the allegations contained in Paragraphs "1" through "106" of the Complaint as if fully set forth at length herein.

108.    The allegations contained in Paragraph "108" of the Complaint represent legal conclusions and not assertions of fact and thus require no response.

109.    Defendant denies each and every allegation contained in Paragraph "109" of the Complaint, and avers that the allegations contained in Paragraph "109" of the Complaint represent legal conclusions and not assertions of fact and thus require no response.

110.    The allegations contained in Paragraph "110" of the Complaint represent legal conclusions and not assertions of fact and thus require no response.

111.    Defendant denies each and every allegation contained in Paragraph "111" of the Complaint.

112.    Defendant denies each and every allegation contained in Paragraph "112" of the Complaint.

113.    Defendant denies each and every allegation contained in Paragraph "113" of the Complaint.

114.    Defendant denies each and every allegation contained in Paragraph "114" of the Complaint.

## AS TO "EIGHTH CLAIM AGAINST ROTHFOS DEFENDANTS"
### (Breach of Contract for Commissions)

115.    Defendant repeats and incorporates by reference all denials and other

responses to the allegations contained in Paragraphs "1" through "114" of the Complaint as if fully set forth at length herein.

116. The allegations contained in Paragraph "116" of the Complaint represent legal conclusions and not assertions of fact and thus require no response.

117. Defendant denies each and every allegation contained in Paragraph "117" of the Complaint.

118. Defendant denies each and every allegation contained in Paragraph "118" of the Complaint.

119. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in Paragraph "119" of the Complaint.

120. Defendant denies each and every allegation contained in Paragraph "120" of the Complaint.

121. Defendant denies each and every allegation contained in Paragraph "121" of the Complaint.

122. Defendant denies each and every allegation contained in Paragraph "122" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Plaintiff's alleged employment with IPI and IPI GmbH.

123. Defendant denies each and every allegation contained in Paragraph "123" of the Complaint.

124. Defendant denies each and every allegation contained in Paragraph "124" of the Complaint.

## AS TO "NINTH CLAIM AGAINST ROTHFOS DEFENDANTS"
### (Breach of Contract for Non-Discretionary Bonuses)

125.     Defendant repeats and incorporates by reference all denials and other responses to the allegations contained in Paragraphs "1" through "124" of the Complaint as if fully set forth at length herein.

126.     The allegations contained in Paragraph "126" of the Complaint represent legal conclusions and not assertions of fact and thus require no response.

127.     Defendant denies each and every allegation contained in Paragraph "127" of the Complaint.

128.     Defendant denies each and every allegation contained in Paragraph "128" of the Complaint.

129.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in Paragraph "129" of the Complaint.

130.     Defendant denies each and every allegation contained in Paragraph "130" of the Complaint.

131.     Defendant denies each and every allegation contained in Paragraph "131" of the Complaint.

132.     Defendant denies each and every allegation contained in Paragraph "132" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Plaintiff's alleged employment with IPI and IPI GmbH.

133.     Defendant denies each and every allegation contained in Paragraph "133" of the Complaint.

134.    Defendant denies each and every allegation contained in Paragraph "134" of the Complaint.

## AS TO "TENTH CLAIM AGAINST ROTHFOS DEFENDANTS"
### (Unjust Enrichment)

135.    Defendant repeats and incorporates by reference all denials and other responses to the allegations contained in Paragraphs "1" through "134" of the Complaint as if fully set forth at length herein.

136.    Defendant denies each and every allegation contained in Paragraph "136" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Plaintiff's alleged employment with IPI and IPI GmbH.

137.    Defendant denies each and every allegation contained in Paragraph "137" of the Complaint.

138.    Defendant denies each and every allegation contained in Paragraph "138" of the Complaint.

139.    Defendant denies each and every allegation contained in Paragraph "139" of the Complaint.

## AS TO "ELEVENTH CLAIM AGAINST ROTHFOS DEFENDANTS"
### (Promissory Estoppel)

140.    Defendant repeats and incorporates by reference all denials and other responses to the allegations contained in Paragraphs "1" through "139" of the Complaint as if fully set forth at length herein.

141.    Defendant denies each and every allegation contained in Paragraph "141" of the Complaint, except denies knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations regarding Plaintiff's alleged employment with IPI and IPI GmbH.

142.    Defendant denies each and every allegation contained in Paragraph "142" of the Complaint.

143.    Defendant denies each and every allegation contained in Paragraph "143" of the Complaint.

144.    Defendant denies each and every allegation contained in Paragraph "144" of the Complaint.

### AS TO "TWELFTH CLAIM AGAINST ROTHFOS DEFENDANTS"
**(Breach of Implied Employee Contract)**

145.    Defendant repeats and incorporates by reference all denials and other responses to the allegations contained in Paragraphs "1" through "144" of the Complaint as if fully set forth at length herein.

146.    Defendant denies each and every allegation contained in Paragraph "146" of the Complaint.

147.    Defendant denies each and every allegation contained in Paragraph "147" of the Complaint.

148.    Defendant denies each and every allegation contained in Paragraph "148" of the Complaint.

### AS TO "THIRTEENTH CLAIM AGAINST ROTHFOS DEFENDANTS"
**(Quantum Meruit For Commissions)**

149.    Defendant repeats and incorporates by reference all denials and other responses to the allegations contained in Paragraphs "1" through "148" of the Complaint as if fully set forth at length herein.

150.    Defendant denies each and every allegation contained in Paragraph "150" of the Complaint.

151.    Defendant denies each and every allegation contained in Paragraph "151" of the Complaint.

152.    Defendant denies each and every allegation contained in Paragraph "152" of the Complaint.

153.    Defendant denies each and every allegation contained in Paragraph "153" of the Complaint.

## AS AND FOR DEFENDANT'S FIRST AFFIRMATIVE DEFENSE

154.    The Complaint should be dismissed, in whole or in part, for failure to state a claim upon which relief can be granted.

## AS AND FOR DEFENDANT'S SECOND AFFIRMATIVE DEFENSE

155.    The Complaint should be dismissed, in whole or in part, because Plaintiff's claims are barred by the applicable statutes of limitation.

## AS AND FOR DEFENDANT'S THIRD AFFIRMATIVE DEFENSE

156.    The Complaint should be dismissed because Defendant made all employment decisions with respect to Plaintiff based on reasonable and legitimate factors other than her gender or other characteristic protected by law.

## AS AND FOR DEFENDANT'S FOURTH AFFIRMATIVE DEFENSE

157.    At all times relevant to Plaintiff's claims, Defendant acted in good faith and had reasonable grounds to believe that its actions did not violate any Federal or State laws, rules, regulations or guidelines.

**AS AND FOR DEFENDANT'S FIFTH AFFIRMATIVE DEFENSE**

158.    Upon information and belief, no conduct by Defendant was sufficiently severe or pervasive to alter the conditions of Plaintiff's employment or create a hostile work environment.

**AS AND FOR DEFENDANT'S SIXTH AFFIRMATIVE DEFENSE**

159.    Plaintiff's claims for gender discrimination and/or sexual harassment are barred and/or any recovery of damages is precluded because Defendant exercised reasonable care to prevent and promptly correct and alleged discriminatory behavior.

**AS AND FOR DEFENDANT'S SEVENTH AFFIRMATIVE DEFENSE**

160.    Plaintiff's claims for gender discrimination and/or sexual harassment are barred and/or any recovery of damages is precluded because Plaintiff unreasonably failed to take advantage of Defendant's preventive or corrective opportunities to avoid harm otherwise.

**AS AND FOR DEFENDANT'S EIGHTH AFFIRMATIVE DEFENSE**

161.    Plaintiff is not entitled to the recovery of punitive damages as Defendant exercised reasonable care and good faith efforts to prevent workplace discrimination in accordance with applicable laws.

**AS AND FOR DEFENDANT'S NINTH AFFIRMATIVE DEFENSE**

162.    To the extent that Plaintiff has failed to mitigate her alleged damages, any relief awarded upon her claims must be diminished, in whole or in part, by her failure to make diligent and good faith efforts to mitigate her alleged damages.

**AS AND FOR DEFENDANT'S TENTH AFFIRMATIVE DEFENSE**

163.    In addition to the foregoing affirmative defenses, Defendant retains the right to add additional affirmative defenses upon the close of discovery.

WHEREFORE, Defendant prays that the Court:

        a.      dismiss Plaintiff's claims with prejudice;

        b.      deny each and every demand, claim and prayer for relief contained in the Complaint;

        c.      award Defendant costs and disbursements of this action, including reasonable attorneys' fees; and,

        d.      enter judgment in favor of Defendant and grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

JACKSON LEWIS LLP
59 Maiden Lane
New York, New York 10038
(212) 545-4000

Date:   October 8, 2007          By:        _____

                                          Clifford R. Atlas (CA 9512)
                                          Samantha Abeysekera (SA 8198)

ATTORNEYS FOR DEFENDANT
ROTHFOS CORPORATION

## CERTIFICATE OF SERVICE

I hereby certify that on October 8, 2007, I caused a true and correct copy of Defendant Rothfos Corporation's Answer to be served in accordance with the Federal Rules of Civil Procedure, and/or the Southern District's Local Rules on Electronic Service upon Plaintiff, via regular mail, through her counsel of record at the following address:

Laurie Berke-Weiss
Berke-Weiss & Pechman LLP
488 Madison Avenue
New York, New York 10022
*Attorneys for Plaintiff*

_____
Samantha Abeysekera