Representing Management Exclusively in Workplace Law and Related Litigation

# jackson | lewis
Attorneys at Law

| Jackson Lewis LLP | ATLANTA, GA | LONG ISLAND, NY | PORTLAND, OR |
| 59 Maiden Lane | BIRMINGHAM, AL | LOS ANGELES, CA | PROVIDENCE, RI |
| New York, New York 10038 | BOSTON, MA | MIAMI, FL | RALEIGH-DURHAM, NC |
| Tel 212 545-4000 | CHICAGO, IL | MINNEAPOLIS, MN | RICHMOND, VA |
| Fax 212 972-3213 | CLEVELAND, OH | MORRISTOWN, NJ | SACRAMENTO, CA |
| www.jacksonlewis.com | DALLAS, TX | NEW ORLEANS, LA | SAN FRANCISCO, CA |
| | DENVER, CO | NEW YORK, NY | SEATTLE, WA |
| | DETROIT, MI | ORANGE COUNTY, CA | STAMFORD, CT |
| | GREENVILLE, SC | ORLANDO, FL | WASHINGTON, DC REGION |
| | HARTFORD, CT | PHILADELPHIA, PA | WHITE PLAINS, NY |
| | HOUSTON, TX | PHOENIX, AZ | |
| | LAS VEGAS, NV | PITTSBURGH, PA | |

DIRECT DIAL: (212) 545-4017
EMAIL ADDRESS: AtlasC@jacksonlewis.com

August 11, 2008

**VIA FED EX**

Hon. Cathy Seibel
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601-4150

       Re:    <u>Korry v. Instant Products International Inc., et al.</u>
             <u>Civil Action No. 07 civ. 5985 (CLB)</u>

Dear Judge Seibel:

      We are the attorneys for the Defendants in the above-referenced action. We are writing on behalf of all parties to jointly request that the record in this action be sealed.

      This action previously was pending before the late Judge Brieant. The case was settled between the parties, and was dismissed with prejudice on May 7, 2008. Part of the settlement agreement between the parties called for the parties to jointly apply to the Court for an order sealing the file in this action. Per instructions from the Clerk's Office, the parties have directed to your attention this application for the record in this case to be sealed.

      In deciding whether to seal records, it is appropriate for the Court to consider the privacy interests of innocent third parties, and accord those interests great weight against the presumption of public access. See <u>United States v. Amodeo</u>, 71 F.3d 1044, 1050 (2d Cir. 1995). Where the subject matter of the records is "traditionally considered private rather than public," greater weight should be given to the privacy interests at hand. <u>Id.</u> at 1051. It is well-established that "[f]inancial records of a wholly owned business, family affairs, illnesses, embarrassing conduct with no public ramifications, and similar matters will weigh more heavily against access than conduct affecting a substantial portion of the public." <u>Id.</u>

      This case was such a private matter with no public ramifications, and the privacy interests of innocent third parties in sealing the record are significant. Ms. Korry's Complaint alleged



Honorable Cathy Seibel
Korry v. Instant Products International Inc., et al.
August 11, 2008
Page 2

that she was discriminated against on the basis of her gender and subjected to a hostile work environment. Her allegations are quite specific and embarrassing – to those who she claimed perpetrated discriminatory and hostile acts against her, their families, innocent third parties who have been affected by this lawsuit, and even to Plaintiff herself. Significantly, none of the corporate entities named in Mr. Korry's Complaint are public corporations; all are privately-held, or wholly-owned subsidiaries of privately-held entities. Accordingly, it is appropriate for these factors to overcome the presumption of public access in this instance.

For the foregoing reasons, the parties respectfully request that their joint application to seal the record in this action be granted.

Finally, all counsel in this matter wish to extend their congratulations to you on your recent and well-deserved appointment to the bench.

Thank you for your courtesy and attention to this matter.

Very truly yours,

JACKSON LEWIS LLP

Clifford R. Atlas

SA:dt

cc:   Laurie Berke-Weiss, Esq. (via facsimile)
      Samantha Abeysekera, Esq.